**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**LAVELL BROWN**                                                                         **PLAINTIFF**

**V.**                                                        **CIVIL ACTION NO. 2:15-CV-77-KS-MTP**

**SUBWAY SANDWICH SHOP OF LAUREL, INC.**                         **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion for Summary Judgment [15] filed by Defendant Subway Sandwich Shop of Laurel, Inc. After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion is well taken and should be granted.

**I. BACKGROUND**

On May 26, 2015, Plaintiff Lavell Brown ("Plaintiff") brought this action against Defendant Subway Sandwich Shop of Lauren, Inc. ("Defendant"), claiming that he was discriminated against based on his sexual orientation in violation of Title VII and that he was forced to work without compensation in violation of the Fair Labor Standards Act. Plaintiff was employed by Defendant from August 27, 2014, to October 20, 2014. During that time, he claims that he was treated differently because he was a bisexual man and that he was on the receiving end of various disparaging remarks from his supervisors and coworkers. He also alleges that he was forced to continue to work after clocking out on nights where he worked the closing shift.

Despite being employed by Defendant at the time, Plaintiff applied for disability benefits through the Social Security Administration on October 2, 2014, claiming that he was not currently employed and was not able to work. (*See* SSA Form [15-3].) During discovery, Plaintiff denied applying for these benefits. (*See* Plaintiff's Responses to Interrogatories [15-2] at p. 8.)

Defendant now brings the current motion, arguing that this case should be dismissed pursuant to Federal Rule of Civil Procedure 37(b)(2) or, alternatively, that it is entitled to summary judgment under Federal Rule of Civil Procedure 56.

## II. DISCUSSION

### A.    Federal Rule of Civil Procedure 37(b)(2)

Defendant argues that Plaintiff's complaint should be dismissed under Federal Rule of Civil Procedure 37(b)(2) because he willfully submitted false information during discovery pertaining to his application for disability benefits while he was still employed with Defendant. While dismissal is allowed by Rule 37(b)(2) under some circumstances for such violations, it is not mandatory. Furthermore, because the court finds that dismissal of this action is appropriate pursuant to Federal Rule of Civil Procedure 56, the Court will not dismiss Plaintiff's complaint under Rule 37(b)(2).

### B.    Federal Rule of Civil Procedure 56

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a

reasonable [fact-finder] to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted). Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

    **1.**    **Title VII Claim**

Plaintiff's Title VII claim is premised on his belief that he was discriminated against based on his sexual orientation. Title VII makes it illegal "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "Title VII in plain terms does not cover 'sexual orientation.'" *Brandon v. Sage corp.*, 88 F.3d 266, 270 n.2 (5th Cir. 2015); *see also, e.g., Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 762 (6th Cir. 2006) ("[S]exual orientation is not a prohibited basis for discriminatory acts under Title VII."); *Schroeder v. Hamilton Sch. Dist.*, 282 F.3d 946, 951 (7th Cir. 2002) ("Title VII does not, however, provide for

3

a private right of action based on sexual orientation."); *Bibby v. Phila. Coca Cola Bottling Co.*, 260 F.3d 257, 261 (3d Cir. 2001) ("It is clear, however, that Title VII does not prohibit discrimination based on sexual orientation."); *Simonton v. Runyon*, 232 F.3d 33, 35 (2d Cir. 2000) ("The law is well-settled in this circuit and in all others to have reached the question that . . . Title VII does not prohibit harassment or discrimination because of sexual orientation."); *Blum v. Gulf Oil Corp.*, 597 F.2d 936, 938 (5th Cir. 1979) ("Discharge for homosexuality is not prohibited by Title VII . . . ."); *Mims v. Carrier Corp.*, 88 F.Supp.2d 706, 714 (E.D. Tex. 2000) ("Neither sexual orientation nor perceived sexual orientation constitute protected classes under the Civil Rights Act."); *Polly v. Hous. Lighting & Power Co.*, 825 F.Supp.135, 137 n.2 (S.D. Tex. 1993) ("It is well established, absent any change in the law by Congress, that Title VII does not protect homosexuals from harassment or discrimination in the workplace, since such treatment arises from their affectional preference rather than their sex.").

Moreover, the only legal precedent Plaintiff cites for his contention that discrimination based on sexual orientation is a cognizable claim under Title VII are two administrative decisions issued by the Equal Employment Opportunity Commission ("EEOC"). First, the Court notes that EEOC decisions are not binding authority. *See Wade v. Brennan*, --- F.App'x. --- n.8 (5th Cir. 2016) ("We may rely on EEOC decisions as persuasive authority, though they are not binding.") (citing *Price v. Fed. Exp. Corp.*, 283 F.3d 715, 725 (5th Cir. 2002)).

Second, regardless of their precedential value, the EEOC decisions cited by Plaintiff do not support his contention that discrimination based on sexual orientation is prohibited by Title VII. In the first decision cited by Plaintiff, the EEOC opined that, because the term "sex" encompassed both sex and gender under Title VII, discrimination based on gender identity was prohibited under the statute. Macy, EEOC Appeal No. 0120120821, 2012 WL 1435995, at *5 (Apr. 20, 2012). The

second EEOC decision cited by Plaintiff, though involving a discrimination claim based on sexual orientation, explicitly takes no position on the merits of the claim and resolves only timeliness and jurisdictional issues.  Baldwin, EEOC Appeal No. 0120133080, at *1 n.1 (July 15, 2015).

Therefore, because of the overwhelming volume of legal precedent establishing that sexual orientation is not protected under Title VII, and because Plaintiff has failed to cite a single authority establishing that it *is*, the Court must find that Plaintiff's claim of discrimination based on sexual orientation under Title VII has no legal basis.  Defendant's Motion for Summary Judgment [15] will be **granted**  with respect to this claim and it will be **dismissed with prejudice**.

### 2. Fair Labor Standards Act Claim

Plaintiff claims that Defendant forced him to work "off the clock" in violation of the Fair Labor Standards Act Claim ("FLSA").  Defendant argues that Plaintiff has not met his burden in proving that he performed work for which he was not properly compensated.  When an employee is unable "to prove the precise extent of uncompensated work," the Supreme Court has held that

> an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extend of that work as a matter of just and reasonable inference.  Under these circumstances, the burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative [sic] the reasonableness of the inference to be drawn from the employee's evidence.

*Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1047, 194 L.Ed.2d (2016) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88, 66 S. Ct. 1187, 90 L.Ed. 1515)) (internal citations, quotations, and alterations omitted).  Defendant argues that Plaintiff has not produced sufficient evidence to show the "amount and extent" of work for which he was allegedly uncompensated.  *Id.*

In his Response [19], Plaintiff makes no argument pertaining to his FLSA claim, nor does he adduce any evidence as to the "amount and extent" of his uncompensated work, let alone

*sufficient* evidence to shift the burden to Defendant. Because this is an essential element of his FLSA claim and because he has failed to show that he can establish this element at trial, the Court must **grant** Defendant's Motion for Summary Judgment [15] and **dismiss with prejudice** Plaintiff's FLSA claim. *See Brown*, 663 F.3d at 766 (5th Cir. 2011) (quoting *Celotex*, 477 U.S. at 322, 106 S. Ct. 2548.)

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment [15] is **granted**. Plaintiff's claims are **dismissed with prejudice**.

SO ORDERED AND ADJUDGED this the 13th day of June, 2016.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE